United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN CURTIS CHANDLER,<br><br>Defendant. | Case No. 19-cr-00665-BLF-1   (VKD)<br><br>**ORDER REMANDING DEFENDANT TO CUSTODY FOR VIOLATION OF PRETRIAL RELEASE CONDITIONS** |

The Court held a hearing on March 8, 2021 to address allegations that defendant Ryan Curtis Chandler had violated a condition of his pretrial release. Dkt. No. 78. Mr. Chandler was represented by counsel and consented to participate in the hearing by videoconference. For the reasons stated on the record during the March 8, 2021 hearing and as set forth below, the Court finds that there is clear and convincing evidence Mr. Chandler violated his conditions of release and that there are no conditions or combinations of conditions of release that would reasonably assure the safety of other persons and the community.

**I.    BACKGROUND**

In December 2019, the United States moved for detention, and the Court detained Mr. Chandler. *See* Dkt. No. 11. On April 16, 2020, the Court released Mr. Chandler on a temporary basis under 18 U.S.C. § 3142(i). Dkt. No. 32. At that time, the Court found that Mr. Chandler had a medical condition that placed him at enhanced risk for complications from COVID-19, and that the conditions of his incarceration increase the risk that he will contract the disease. The Court found these exceptional circumstances provided a compelling reason to release Mr. Chandler on a temporary basis. *Id.* The Court required an unsecured bond of $50,000 and set the following

special conditions of release:

1. Defendant must submit to supervision by Pretrial Services and must report immediately upon release and thereafter as directed to Pretrial Services.

2. Defendant must surrender all passports and other travel documents (if any) to Pretrial Services immediately and must not apply for other passports or travel documents.

3. Defendant must not possess any firearm, destructive device, or other dangerous weapon.

4. Defendant must not use alcohol and must not use or possess any narcotic or other controlled substance without a legal prescription.

5. Defendant must submit to drug and/or alcohol testing as directed by Pretrial Services.

6. Defendant must participate in substance abuse treatment, on an outpatient or residential basis, as directed by Pretrial Services.

7. Defendant must have no contact, directly or indirectly, with any co-defendant outside of the presence of counsel.

8. Defendant must not change residence or telephone number without prior approval of Pretrial Services.

9. Defendant must remain in the custody of his custodian, Sara Estrada, at her residence in Watsonville, California.

10. Defendant must not travel outside of the Northern District of California.

11. Defendant must remain at his residence at all times except medical, substance abuse, or mental health treatment; court appearances; or other activities approved in advance by Pretrial Services.

12. Defendant must submit to location monitoring as directed by Pretrial Services to ensure compliance with all court-ordered location restrictions.[1]

Dkt. No. 33. The Court later modified these conditions to permit Mr. Chandler to reside at a sober living environment (SLE) in Santa Cruz, California. Dkt. No. 38.

On March 4, 2021, Pretrial Services reported to the Court that Mr. Chandler violated the condition of his release that requires him to not use a controlled substance without a prescription. Dkt. No. 76. Specifically, Mr. Chandler admitted using marijuana at the SLE after submitting to

---

[1] The Court imposed additional conditions addressing the state and local COVID-related restrictions then in effect.

the weekly drug test at that facility. *Id.* He also admitted that he had not been honest about his drug use with the SLE manager or his treatment counselor. *Id.*

The March 4 violation notice is the fifth violation notice the Court has received from Pretrial Services regarding Mr. Chandler in the eleven months he has been out of custody. *See* Dkt. Nos. 48, 55, 66, 70, 76. Many of these violation notices referenced Mr. Chandler's failure to comply with location monitoring requirements, but others referenced the use of controlled substances.

Pretrial Services recommends that the Court remand Mr. Chandler to custody, and the United States defers to that recommendation. Mr. Chandler opposes remand.

## II.     LEGAL STANDARDS

On a motion for revocation of release for violating a condition of pretrial release, the Court must find by clear and convincing evidence that a violation occurred. 18 U.S.C. § 1348(b)(1)(B). The Court must also find by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the safety of other persons or the community. 18 U.S.C. § 3142(g); 18 U.S.C. § 1348(b)(2)(A), (B).

## III.    DISCUSSION

As explained during the hearing, the Court's principal concern is the safety of the community, and in particular, the other residents of the SLE. Mr. Chandler's drug use endangers other members of the SLE community who are trying to achieve and maintain sobriety. The Court appreciates that addiction is difficult to overcome and a person in Mr. Chandler's position may achieve sobriety for a period of time, only to later relapse. However, the Court is not persuaded that Mr. Chandler simply suffered a relapse. Rather, the information Pretrial Services provided supports a finding that he has been dishonest about his drug use on prior occasions and has, at the very least, timed his drug use to avoid detection by the SLE.[2]

The Court has repeatedly admonished Mr. Chandler for violations of the conditions of his

---

[2] Pretrial Services has advised the Court of circumstances suggesting that Mr. Chandler tampered with a drug testing device, but the Court does not have sufficient evidence to conclude that he did so.

release and given him many opportunities to correct course.  While Mr. Chandler's failure to comply with his location monitoring requirements made it extremely difficult for Pretrial Services to supervise him, the Court was not persuaded that such non-compliance endangered the community in the circumstances presented or created a risk of non-appearance.  The Court takes a different view of Mr. Chandler's drug use at an SLE.  That drug use, combined with Mr. Chandler's dishonesty and the difficulties Pretrial Services continues to have monitoring his conduct, poses a danger to the community that cannot be mitigated by other conditions or a combination of conditions.  Even if such conditions could be fashioned, the Court is not confident that Mr. Chandler would comply with them.

## IV. CONCLUSION

Accordingly, defendant Ryan Curtis Chandler is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Mr. Chandler shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the government, the person in charge of the corrections facility shall deliver Mr. Chandler to the United States Marshal for the purpose of appearances in connection with court proceedings.

**IT IS SO ORDERED.**

Dated: March 9, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge